FILED
SUPERIOR COURT
OF GUAM

2013 AUG 15 AM 11: 06

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM | ) Criminal Case No. CF0020-08 |
| | ) |
| | ) |
| | ) |
| vs. | ) DECISION AND ORDER: Defendant's |
| | ) Motion for Redetermination of Release |
| | ) Conditions |
| | ) |
| ANTHONY T. QUENGA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on August 8, 2013, on Anthony T. Quenga's ("Defendant") Motion for Redetermination of Release Conditions. The People of Guam ("the People") were represented by Assistant Attorney General Jonathan R. Quan. Defendant was represented by Attorney Sylvia Stake. After the hearing, the Court took the matter under advisement. Upon review of the evidence, oral and written arguments, and legal authorities presented by the parties, the Court orally **DENIED** Defendant's motion on August 12, 2013. The Court now reduces to writing its Decision and Order.

## BACKGROUND

Defendant was initially indicted by a Superior Court of Guam Grand Jury on November 16, 2012, on the following charges: (1) Conspiracy to Compel Prostitution (as a 3rd Degree Felony); (2) Conspiracy to Promote Prostitution (as a 3rd Degree Felony); (3) Conspiracy to Commit Kidnapping (as a 2nd Degree Felony); (4) Conspiracy to Commit Felonious Restraint

(as a 3rd Degree Felony); (5) Solicitation to Compel Prostitution (as a 3rd Degree Felony); (6) Solicitation to Promote Prostitution (as a 3rd Degree Felony); (7) Solicitation to Commit Kidnapping (as a 2nd Degree Felony); (8) Solicitation to Commit Felonious Restraint (as a 3rd Degree Felony); (9) Nine counts of Compelling Prostitution (as a 3rd Degree Felony); (10) Sixteen counts of Promoting Prostitution (as a 3rd Degree Felony); (11) Attempt to Promote Prostitution (as a 3rd Degree Felony); (12) Attempted First Degree Criminal Sexual Conduct (as a 1st Degree Felony); (13) Attempted Second Degree Criminal Sexual Conduct (as a 1st Degree Felony); (14) Criminal Intimidation (as a Misdemeanor); (15) Official Misconduct (as a Misdemeanor); and (16) Abetting Prostitution (as a Misdemeanor). Superseding Indictment (Nov. 16, 2012).

On July 31, 2013, a Fourth Superseding Indictment was returned now charging the Defendant as follows: (1) Conspiracy to Commit Kidnapping (as a 1st Degree Felony) (9 counts); (2) Kidnapping (as a 1st Degree Felony) (9 counts); (3) Conspiracy to Commit Felonious Restraint (as a 3rd Degree Felony) (9 counts); (4) Felonious Restraint (as a 3rd Degree Felony) (9 counts); (5) Conspiracy to Compel Prostitution (as a 3rd Degree Felony) (9 counts); (6) Compelling Prostitution (as a 3rd Degree Felony) (9 counts); (7) Conspiracy to Promote Prostitution (as a 3rd Degree Felony) (10 counts); (8) Promoting Prostitution (as a 3rd Degree Felony) (10 counts); (9) First Degree Criminal Sexual Conduct (as a 1st Degree Felony); (10) Second Degree Criminal Sexual Conduct (as a 1st Degree Felony) (2 counts); (11) Attempted First Degree Criminal Sexual Conduct (as a 1st Degree Felony); (12) Attempted Second Degree Criminal Sexual Conduct (as a 1st Degree Felony); (13) Criminal Intimidation (as a Misdemeanor); and (14) Official Misconduct (as a Misdemeanor). Fourth Superseding Indictment (Jul. 31, 2013).

Defendant has been held in the custody of the Guam Detention Facility since his arrest on November 2013, pending the posting of *cash* bail in the amount of $250,000.00. Commitment Order (Nov. 19, 2012). Defendant filed a Motion to Modify Bail Conditions on November 21, 2012. Def's. Mot. to Modify Bail (Nov. 21, 2012). On November 21, 2012, the People filed their opposition to the motion for release or reduction in bail. The Court heard oral arguments on Defendant's motion on November 21, 2012, and denied his earlier request.

In the instant motion, the Court heard oral arguments on August 8, 2013.

## DISCUSSION

Defendant moves this Court to modify the conditions of release, more specifically the cash bond amount of two hundred and fifty thousand dollars ($250,000.00), pursuant to its authority under 8 GCA § 40.50(a), and to set reasonable bond, with any accompanying conditions as will ensure his presence at all hearings and safety of the community. Def's. Mot. for Redetermination of Release Conditions at 2 (Aug. 1, 2013). Furthermore, Defendant moves the Court to amend the original bail order from cash to unsecured bond with conditions. *Id.* at 6.

Guam law provides that release on bail is generally permitted:

> At his first appearance before a judge of the Superior Court, every person charged with offense shall be ordered released pending trial in the manner and subject to the conditions provided by §§ 40.15 and 40.20.

8 GCA § 40.10 (2005).

> The judge shall order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required *or will endanger the safety of any other person* or the community.

8 GCA § 40.15 (b) (2005) (emphasis added).

In review of the instant motion, the Court adopts its earlier legal conclusions and factual basis as no new or changed circumstances exists. In view of the forgoing, this Court is cognizant that "[d]eterminations as to bail conditions and amounts are not to be driven by the goal of keeping the accused incarcerated, but should rather be reached in consideration of the only authorized interests, to wit, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11. The Court notes that Defendant is a veteran police officer employed with the Guam Police Department, has significant familial ties to Guam, continuously living on island for 28 years, and has four children on Guam. However, the Court is concerned with the safety of others component to the two-part test enunciated in *Song*. The nature of the offense charged and apparent possibility of conviction and likely sentence is a factor this Court considers. The instant case alleges First and Second Degree Criminal Sexual Conduct, Attempted First and Attempted Second Degree Criminal Sexual Conduct, Criminal Intimidation, and several conspiracy and solicitation charges, inter alia, against Defendant. Furthermore, the People placed on the stand Officer Tracey Volta who testified that upon interviewing numerous victims relative to this case, they indicated a sense of fear and intimidation by the Defendants.

The Court understands that the least onerous conditions shall be imposed to ensure Defendant's appearance as required and the safety of any other person and the community. 8 GCA § 40.20 (2005). Therefore, in consideration of the forgoing factors in determining whether there is substantial risk of nonappearance by the person charged or that the person charged will endanger the safety of any other person, or the community, the Court finds enough information at this time to DENY Defendant's bail modification. The Court is extremely

concerned given the nature of the offense, the allegations therein, and the testimony of Officer Volta relative to the safety of the victims.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court DENIES Defendant Anthony T. Quenga's Motion for Redetermination of Release Conditions. Bail remains set at $250,000.00 cash.

**SO ORDERED** this ___14___ day of AUGUST, 2012.


HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify this a true, correct
is a full, true copy of the original, on file in the office of the
clerk of the Superior Court of Guam.

AUG 1 5 2012

Jerry T. Guerrero
Deputy Clerk of the Court of Guam

CF20-08: People v. Anthony T. Quenga
Defendant's Mot. for Redetermination of Release Conditions

5